## Orr, to the use of Moyer, v. Greiner, Appellant.

*Contracts—Contracts for the sale of real estate—Breach—Damages—Case for jury.*

In an action to recover damages for a vendor's breach of an agreement to sell real estate, the case is for the jury and a verdict and judgment for the plaintiff will be sustained, where there is evidence that the plaintiff was ready and willing to purchase the property, that defendant refused to convey in accordance with the terms of the contract and thereby waived his right to require plaintiff to be ready and willing to purchase, and that plaintiff thereupon rescinded the contract.

Argued May 1, 1916.    Appeal, No. 183, Jan. T., 1915, by defendant, from judgment of C. P. Lebanon Co., March T., 1914, No. 88, on verdict for plaintiff in case of John C. Orr, to the use of Gabriel H. Moyer, v. George G. Greiner.  Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Assumpsit to recover for breach of written contract to convey real estate.    Before HENRY, P. J.

The facts appear in Orr v. Greiner, 254 Pa. 308.

Verdict for plaintiff for $10,460.

The lower court subsequently entered judgment on the verdict for the sum of $5,230.   Defendant appealed.

*Error assigned,* among others, was in refusing to direct a verdict for the defendant.

*Jefferson Snyder,* with him *C. K. Witmer* and *C. H. Killinger,* for appellant.

*Warren G. Light,* for appellee.

PER CURIAM, July 1, 1916:

There is no question of fact or law raised on this appeal which requires discussion.   The court permitted the jury to determine whether the plaintiff was ready and willing to comply with his part of the agreement, whether the defendant was guilty of a breach of his covenant in refusing to convey the premises in accordance with the terms of the contract and thereby waived his right to require the plaintiff to be ready and willing, and whether the plaintiff had rescinded the contract of purchase.   These were the controlling questions in the case, were submitted in a charge of which the appellant cannot justly complain, and on ample evidence to sustain a verdict for the plaintiff.   In fact, as intimated in the opinion of the learned trial judge, the court gave the defendant all, if not more than, he was entitled to demand in submitting to the jury to determine whether he had committed a breach of the contract in refusing to convey the property as required by the agreement.

Judgment affirmed.